Filed 7/8/16  P. v. Rose CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C080764 |
| Plaintiff and Respondent, | (Super. Ct. No. TF034098A) |
| v. | |
| KEVIN PAUL ROSE, | |
| Defendant and Appellant. | |

On September 21, 2015, defendant Kevin Paul Rose filed a motion in San Joaquin County case No. TF034098A seeking preparation and copies of the trial transcripts from his June 18, 2007 trial.  The superior court denied his request and defendant appealed.

Appointed counsel for defendant filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any

1

arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  We need not determine whether the superior court's order is appealable as an order after judgment, affecting the substantial rights of the party.  (See Pen. Code, § 1237, subd. (b); Cal. Rules of Court, rule 8.204.)  Defendant is not entitled to *Wende* review on an appeal from the denial of his motion for trial transcripts from his 2007 trial.  Finding *Wende* review inapplicable here, we shall dismiss the appeal.

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] is required only in the first appeal of right from a criminal conviction.  (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).)

The right to *Anders/Wende review* applies only at appellate proceedings where defendant has a previously established constitutional right to counsel.  (*Ben C.*, *supra*, 40 Cal.4th 529 at pp. 536-537; *Serrano, supra*, 211 Cal.App.4th at p. 500.)  While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional.  Defendant is not entitled to *Wende review* in such an appeal.  (See *Serrano*, *supra*, at p. 501 [no *Wende review* for denial of postconviction motion to vacate guilty plea pursuant to Pen. Code, § 1016.5].)

Applying *Serrano*, here defendant has no right to a *Wende* review of the denial of his motion for trial transcripts.  Because neither defendant nor his counsel raise any claim of error, we must dismiss defendant's appeal as abandoned.

---

[1] Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

## DISPOSITION

The appeal is dismissed.


                                                         BUTZ              , Acting P. J.


We concur:



          HOCH            , J.



          RENNER          , J.

3